IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 28, 2007

Charles R. Fulbruge III
Clerk

Nos. 06-50479 & 06-50774

UNITED STATES

Plaintiff-Appellee

v.

ALEXIS MORGANFIELD

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:03-CR-10-3

Before DENNIS, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

This court has already decided the same issues in this appeal for the defendant's co-conspirators in United States v. Morganfield, 501 F.3d 453 (5th Cir. 2007). In accordance with this binding precedent, we now also AFFIRM in part, REVERSE in part, VACATE Alexis Morganfield's sentence, and REMAND for re-sentencing.

Alexis Morganfield was a co-conspirator in the check cashing scheme described in Morganfield, 501 F.3d at 456–57. Like his co-conspirators in

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Morganfield, Alexis now appeals three counts in his conviction: conspiracy to utter a fictitious instrument in violation of 18 U.S.C. § 514(a)(2); aiding and abetting the uttering of a fictitious instrument in violation of 18 U.S.C. § 514(a)(2) and 18 U.S.C. § 2; and aiding and abetting bank fraud in violation of 18 U.S.C. §1344 and 18 U.S.C. § 2. His co-conspirators' indictments and convictions in Morganfield are materially indistinguishable from Alexis Morganfield's with respect to the legal issues in their appeals. As with Alexis's co-conspirators in Morganfield, Alexis also challenges his two convictions for "uttering of a fictitious instrument" in violation of 18 U.S.C. § 514(a)(2). He identically challenges the convictions by contending that there is insufficient evidence to find him guilty, because a facially genuine check, even if worthless, is not, as a matter of law, a "false or fictitious instrument." In Morganfield, a prior panel agreed and reversed his co-conspirators' § 514 convictions. 501 F.3d at 457-61. We must now do the same in this case, because the prior panel held that the checks in this scheme are not "fictitious instruments" within the ambit of § 514. Alexis Morganfield also raises the exact same challenges to his bank fraud § 1344 conviction as his co-conspirators in Morganfield. The prior panel disagreed with his co-conspirators' challenges, and, therefore, those issues are now foreclosed by Morganfield. Id. at 463–69. Accordingly, we now AFFIRM his § 1344 conviction; REVERSE his § 514 convictions;[1] VACATE his sentence; and REMAND for re-sentencing.

---

[1] We need not reach Alexis Morganfield's other challenges to his § 514 convictions, because we now reverse the convictions based on binding precedent.

EDITH BROWN CLEMENT, Circuit Judge, concurring separately:

Given that "[i]t is the firm rule of this circuit that we cannot disregard the precedent set by a prior panel, even though we perceive error in the precedent," see Wilson v. Taylor, 658 F.2d 1021, 1034 (5th Cir. 1981), we are bound by this Court's prior opinion in United States v. Morganfield, 501 F.3d 453 (5th Cir. 2007). That panel held that there was insufficient evidence because a legitimate check, even if it is worthless, does not constitute, as a matter of law, a "false or fictitious instrument." 501 F.3d at 457, 460–61. Because defendant Alexis Morganfield raises the same issue in the instant appeal, our panel is bound by Morganfield and must also reverse his § 514(a)(2) convictions.

However, but for Morganfield, I would have affirmed Alexis Morganfield's § 514(a)(2) convictions. I do not consider the mere fact that the checks at issue were legitimate to be dispositive of whether they were "false and fictitious." See United States v. Riley, 335 F.3d 919, 923, 930 (9th Cir. 2003). It is the use of the checks to create a fictitious obligation in a scheme to defraud that brings them within the ambit of § 514(a)(2). Here, the checking accounts were established using false identification or fraudulent d/b/a certificates, and the checks identified fictitious payors. Under these facts, genuine checks with an indicia of falsity (such as a fictitious or nonexistent payor) may constitute a "false or fictitious instrument." Accordingly, because Morganfield was actively involved in creating the false checking accounts and passing the checks with fictitious payors, there was sufficient evidence to affirm his § 514(a)(2) convictions.